# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ARTHUR GAYNOR, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV413-223 |
| STATE OF GEORGIA, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Arthur Gaynor, Jr. pled guilty in state court to aggravated assault charges. On September 14, 2006, he received a 36-month sentence. Doc. 1 (*Gaynor I*). He pursued no direct or collateral appeal but petitions this Court for habeas relief under 28 U.S.C. § 2254.[1] Doc. 1. Upon preliminary review under Rule 4 of the Rules Governing § 2254 Proceedings, his petition must be dismissed as time barred.

Two months before his state conviction, Gaynor pled guilty to gun charges in this Court and received a 115-month sentence. *United States v. Gaynor*, CR406-014, doc. 22 (July 13, 2006) (*Gaynor II*). Gaynor says

---

[1] When he signed his motion and brief he failed to place a date by his signature, doc. 1 at 14; doc. 2 at 6, much less certify when he placed them in his prison's mail system. Both filings arrived at this Court on October 7, 2013. Doc. 1 at 1; doc. 2 at 1.

he has "newly discovered" the fact that in *Gaynor I* the state prosecutor breached the state's plea-agreement promise to him -- that his 36-month sentence there would run concurrent with his federal sentence. Doc. 2 at 3. He explains that after he served those 36 months, he was "returned to federal custody in order to finish the 9 years and 7 months['s] sentence." *Id.* He provides no dates, but his federal custody evidently commenced in September 2009 -- 36 months after his state court sentence began on September 14, 2006.

In March 2013, Gaynor administratively (within the Federal Bureau of Prisons) sought federal sentencing credit for those 36 months but was rejected because no judgment made the two sentences concurrent. Doc. 2 at 3, 8-9. He now insists that the state prosecutor's deceit means his plea was "involuntarily entered and in violation of [his] rights under the Fifth Amendment." Doc. 2 at 4.

Gaynor concludes that he is entitled to § 2254 relief and thus may choose one of two remedies -- specific performance of that plea agreement[2] or withdrawal of his guilty plea. He has selected the

---

[2] Yet, he does not say how this could be enforced. Gaynor has already served his state sentence. Nor could this Court order the state to run its sentence concurrent with a federal sentence in any event.

conviction-vacation option. *Id.* He reasons that, since he has already served his state sentence, he is entitled to "be award[ed] the credit spent in state custody towards his federal sentence." *Id.* at 5. So even though he invokes the § 2254 remedy, he obviously treads into 28 U.S.C. § 2255 territory, by seeking to alter his *federal* sentence, or 28 U.S.C. § 2241 territory, by challenging the *execution* of a federal sentence.[3]

It is not necessary to determine which remedy controls because they all are subject to a one-year limitations clock[4] and there is nothing

---

[3] This area of law can get procedurally complicated. *See, e.g.*, *United States v. Tubby*, 2013 WL 6084270 at (11th Cir. Nov. 20, 2013) (analyzing applicability of 18 U.S.C.A. § 3582(c) and 28 U.S.C. § 2241 on petitioner's claim that Bureau of Prisons improperly failed to give Tubby credit for time served in state custody on separate state charges). And, as an encyclopedist explains in a somewhat different context:

> The federal courts are in conflict regarding the availability of relief under 28 U.S.C.A. § 2255 on a claim by a federal prisoner that the Bureau of Prisons failed to give the proper credit towards service of the sentence for time spent in custody in connection with the offense for which the sentence was imposed. The weight of authority appears to be that such a claim for credit is not strictly an attack on the sentence as imposed, so that a habeas corpus proceeding under 28 U.S.C.A. § 2241(c)(1) is the appropriate remedy.

16A FED. PROC., L. ED. § 41:480 (Dec. 2013).

[4] Under 28 U.S.C. § 2244(d)(1), "a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, *Perez v. Florida*, 519 F. App'x 995, 996 (11th Cir. 2013), including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence." 28 U.S.C. § 2244(d)(1)(D). The one-year limitation period for filing a § 2254 petition is tolled while a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2)." *Perez*, 519 F. App'x at 996. That's not been shown here. To the extent Gaynor impliedly seeks 28 U.S.C. § 2255 relief, his motion is likewise untimely under 28 U.S.C. § 2255(f)(4) (same as §

3

"newly discovered" here. In *2006* Gaynor could have consulted his state and federal court judgments to determine whether his sentences would run concurrently, rather than consecutively to each other. And his own filings show that he commenced his federal sentence in 2009, another "prompt point" to inquire about concurrency. It evidently did not dawn on him to check the records until 2013, when he invoked BOP administrative procedures to ascertain the consecutive-sentence result.

So even if Gaynor could prove that the state prosecutor breached the state's deal with him, and even if that breach qualifies as a new "fact" from which the one year clock could run under § 2244(d)(4) if not § 2255(f)(4), nevertheless he cannot show that he exercised the due diligence required to stop that clock from running out.[5] Gaynor's motion thus is untimely.

---

2244(d)(1)(D)). 28 U.S.C. § 2255(f)(4). The same must be said for any § 2241 relief. *Hankerson v. Keller*, 2011 WL 6755189 at * 5 (N.D. Ga. Dec. 22, 2011) ("The one-year statute of limitations also applies to § 2241 petitions. *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004).").

[5] Movants must be diligent in uncovering reasonably discoverable, clock-resetting facts and diligent in acting upon them. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), cited in *Reese v. United States*, 2012 WL 70680 at * 3 (S.D. Ga. Jan. 9, 2012). Reasonable, not maximum, diligence is required. *Aron*, 291 F.3d at 712. And the inquiry must take into account the movant's confinement conditions -- the "reality of the prison system." *Id*. (quotes and cite omitted).

4

Arthur Gaynor's § 28 U.S.C. § 2254 petition therefore should be **DISMISSED** as untimely. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of

---

*Aron*, for that matter, addressed only whether a movant was diligent enough to meet § 2255's one-year limitation deadline. It thus was not an "equitable tolling" case, where the limitations deadline is missed but equitable considerations, which necessarily encompass a diligence determination, toll it. *See, e.g., Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *United States v. Myrthil*, 433 F. App'x 727, 729 (11th Cir. 2011). No equitable tolling grounds express themselves here.

Legal ignorance, let alone the lack of the legal acumen that would otherwise prompt Gaynor to check his state and federal judgments for the concurrence he seeks, cuts him no slack here. *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("Johnson ... offered no explanation for th[e] delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures ...." and "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness. . . ."); *Perez*, 519 F. App'x at 997 ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. Furthermore, we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.") (cite omitted); *Felder v. Johnson*, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000) (ignorance of law and *pro se* status are insufficient to toll statute of limitations); *Garrett v. United States*, 2013 WL 652563 at * 3 n. 13 (S.D. Ga. Feb. 21, 2013) (collecting cases holding that a defendant's legal ignorance does not stop the limitations clock).

appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 12TH day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA